ORIGINAL

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| ANTHONY ROBERTS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. CV405-100 |
| ) | [underlying CR403-215] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **REPORT AND RECOMMENDATION**

Movant has filed a motion to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. Doc. 1. Movant alleges that his counsel failed to file a direct appeal although movant requested that he do so. However, movant did not file his § 2255 motion within the one-year statute of limitations proscribed in 28 U.S.C. § 2255. Thus, his petition should be DISMISSED.

On February 6, 2004, movant was sentenced to seventy-six months' imprisonment, three years' supervised release, and a $100 special assessment after pleading guilty to one count of distribution of crack cocaine. The Court entered the judgment on February 6, 2004. Movant did not file an appeal within the ten-day time period allowed under Fed. R. App.

5

P. 4(b)(1)(A)(i).[1] Movant filed an untimely appeal on November 3, 2004. This notice of appeal was dismissed by the Eleventh Circuit as untimely on December 13, 2004. Movant's subsequent motion for reconsideration was denied by the court of appeals on March 9, 2005. Movant filed his § 2255 motion on June 27, 2005, which is 124 days after the one-year limitations period expired for movant to timely file a § 2255 motion.

Movant argues that his § 2255 motion is timely because the one-year statute of limitations should be tolled while he sought his out-of-time appeal. He cites no authority for this proposition, and the Court is not aware of any. "Equitable tolling can be applied to prevent the application of the [Antiterrorism and Effective Death Penalty Act's] statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001). Tolling "is 'appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" Drew v. Dep't of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002) (citation

---

[1]Because February 16, 2004, was a federal holiday, movant had until February 23, 2004, to file his appeal. Fed. R. App. P. 26(a)(2), (4).

omitted). At least one court has held that a § 2255 movant is not entitled to equitable tolling for the period during which his untimely appeal was pending. United States v. Smith, 215 F.3d 1338 (unpublished table opinion), 2000 WL 639488 (10th Cir. May 18, 2000) (movant's untimely direct appeal did not toll the one-year limitations period for filing a § 2255 motion); cf. United States v. Cabrera, No. 3:01CR374H, 2005 WL 1422154 (N.D. Tex. June 14, 2005) (dictum) (although movant who filed untimely direct appeal did not rely on equitable tolling, the court stated that equitable tolling was not warranted). Furthermore, as the government notes, courts have concluded that other types of post-conviction motions do not serve to toll the one-year period for filing a § 2255 motion. See, e.g., Trenkler v. United States, 268 F.3d 16, 22 (1st Cir. 2001) (§ 2255 movant not entitled to equitable tolling for the period his Fed. R. Crim. P. 33 motion was pending).

Movant has not demonstrated the rare, extraordinary circumstances that justify equitable tolling in this case. Movant's appeal was untimely, and his § 2255 motion came over four months after the expiration of the

one-year statute of limitations for filing a § 2255 motion. Therefore, his § 2255 motion should be DISMISSED as untimely.

**SO REPORTED AND RECOMMENDED** this 14th day of **September, 2005.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA